# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7824 | **DATE** | September 1, 2010 |
| **CASE TITLE** | Jeffrey Michael Austin (#2008-0090441) vs. Cook County Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to: (1) provide further identifying information for defendant Villareal, such as a badge number, or (2) submit an amended complaint (plus a judge's copy and service copy) naming a supervisory official in a position to identify the Officer Villareal in question. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to comply within thirty days will result in summary dismissal of this case, on the understanding that the plaintiff no longer wishes to pursue his claims.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a correctional officer at the jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendant stood by and watched without intervening as another inmate brutally beat the plaintiff.

On March 18, 2010, the Clerk issued alias summons for service on defendant Villareal. However, the U.S. Marshals Service has filed an unexecuted return of service for the defendant. The return of service (document no. 11) states, "Unable to serve. Too vague and not enough info for service (per Cook County)." As there is evidently more than one correctional officer named Benjamin Villareal at the jail, the plaintiff is directed to provide a badge number for Officer Villareal within thirty days of the date of this order.

If the plaintiff is unable to provide a badge number for Villareal, he may, in the alternative, submit an amended complaint naming a supervisory official in a position to identify Villareal. In this circuit, when a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendant's immediate supervisor. *See*
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

*Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Once the plaintiff has obtained service on the supervisor (such as the jail's executive director or the Cook County Sheriff), and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the Villareal's badge number or other identifying information. *See* Fed. R. Civ. P. 33. After the plaintiff obtains the information necessary to properly identify and serve Villareal, the court can once again issue alias summons for service on Villareal.

For the foregoing reasons, the plaintiff is granted thirty days in which either to: (1) provide a badge number for Officer Villareal or (2) submit an amended complaint adding as a defendant a supervisory official whom the plaintiff can serve and who can assist the plaintiff in identifying the right Officer Villareal. The plaintiff must complete the amended complaint on the forms required by Local Rule 81.1 (N.D. Ill.) and provide the clerk with the original and two copies. The clerk will provide the plaintiff an amended civil rights complaint form and instructions along with a copy of this order. Failure to comply within thirty days will result in summary dismissal of this case, on the understanding that the plaintiff no longer wishes to pursue his claims.