# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7824 | **DATE** | April 21, 2011 |
| **CASE TITLE** | Jeffrey Michael Austin (#2008-0090441) vs. Cook County Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk of Court is directed to issue alias summons for service of the amended complaint on Cook County. The U.S. Marshal is appointed to serve the defendant. The plaintiff is ordered to show good cause in writing within fourteen days why the complaint should not be dismissed as to defendant Villareal for want of service/for lack of personal jurisdiction over Villarreal. Failure to show cause within fourteen days of the date of this order will result in summary dismissal of the complaint as to Villareal, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that a correctional officer at the jail stood by and watched without intervening as another inmate brutally beat the plaintiff, and that supervisory officials failed to properly train the officer in question. This matter is before the court in connection with service issues.

The plaintiff has failed to make proof of service on defendant Villareal as required by Rule 4 of the Federal Rules of Civil Procedure. The Federal Rules provide: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant. . . ." Fed. R. Civ. P. 4(m). In the case at bar, the plaintiff was granted leave to proceed on his claims by Minute Order of October 14, 2010. The court provided for attempted service on the defendants by the U.S. Marshals Service. However, the Marshal has been unable to locate defendant Villareal based on the identification information provided by the plaintiff. The Marshal's unexecuted return of service states, "Name not found." It would appear that the plaintiff may have misidentified Officer Villareal. Ultimately it is the plaintiff's responsibility to assure service on the defendants pursuant to Fed. R. Civ. P. 4. **(CONTINUED)**

mjm

**STATEMENT (continued)**

For the foregoing reasons, the plaintiff is ordered to show good cause in writing why the complaint should not be dismissed as to defendant Villareal for want of service. Failure to show cause within fourteen days of the date of this order will result in summary dismissal of the complaint as to Villareal, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

With regard to Cook County, The U.S. Marshals Service reports that it never received service materials for that defendant. The Clerk of Court is therefore directed to issue alias summons for service of the amended complaint on Cook County.

The United States Marshals Service is appointed to serve Cook County. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.