

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY M. AUSTIN (#2008-0090441), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 7824 |
| v. ) | |
| ) | Hon. John A. Nordberg |
| COOK COUNTY DEPT. OF CORR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that a prison guard stood by and watched without intervening as another inmate brutally beat the plaintiff, and that administrative officials failed to properly train or supervise the officer in question. This matter is before the court for ruling on the defendants' motion for summary judgment on grounds of non-exhaustion. For the reasons stated in this order, the essentially uncontested motion is granted.

## STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view

all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

## **FACTS**

The basic facts and procedural background underlying this lawsuit are undisputed for purposes of this motion:

The plaintiff is a pretrial detainee at the Cook County Jail. (Amended Complaint, p. 2, ¶ 1.) Defendant Thomas Dart is the Sheriff of Cook County. (*Id.*, ¶ 2(A).) Defendant Salvador Godinez was the jail's Executive Director at the time of the events giving rise to this lawsuit.

(*Id.*, ¶ 2(B).) Defendant Michael Miller was the Superintendent of the facility's Division 10. (*Id.*, ¶ 2(C).) Defendant Marilyn Martinez is the current Superintendent of Division 10. (*Id.*, ¶ 2(E).) Defendant Benjamin Villareal is a correctional officer at the jail. (*Id.*, ¶ 2(D).)

On March 18, 2009, a fellow inmate attacked the plaintiff and severely beat him until another inmate intervened. (Amended Complaint, ¶ 4.) As a result of the beating, the plaintiff suffered two black eyes, swelling, lacerations, a broken nose, permanent scarring, and nerve damage. (*Id.* ¶ 8.) The plaintiff maintains that Villareal stood idly by and watched the five-minute attack without taking any action whatsoever to assist the plaintiff.

In the weeks and months following the incident, the plaintiff filed four grievances relating to the aftermath of the assault. (Defendants' Exhibit B, Affidavit of John Mueller, Assistant Administrator of Program Services, ¶ ¶ 5, 6, 7, and 8.) A grievance dated April 9, 2009, concerned a missed medical appointment on March 20, 2009. (*Id.*, ¶ 5.) The plaintiff filed a second grievance on April 26, 2009, complaining about the same missed medical appointment. (*Id.*, ¶ 6.) In a grievance dated January 20, 2010, the plaintiff asserted that he had not been taken to Stroger Hospital for a scheduled surgery. (*Id.*, ¶ 7.) In his fourth grievance, the plaintiff decried correctional officials' failure to prosecute his assailant. (*Id.*, ¶ 8.)[1] The plaintiff filed no grievances regarding a purported failure to protect him from the attack. (*Id.*, ¶ 11.)

On December 16, 2009, the plaintiff filed this lawsuit. The focus of both the original and amended complaint was the defendants' failure to prevent the attack, to intervene while the

---

[1]By Minute Order of January 11, 2010, the court dismissed that claim from the original complaint, ruling that the Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).

attack was occurring, and to properly train the correctional staff with regard to inmate safety measures.

## ANALYSIS

This suit must be dismissed in light of the plaintiff's admitted failure to exhaust administrative remedies prior to filing suit in connection with the claims at issue in this case. There is no dispute as to any material fact concerning the plaintiff's pursuit of the grievance process, and the defendants have established that dismissal is required as a matter of law.

The court cannot entertain the plaintiff's failure-to-protect claim because he failed to exhaust administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State [or, in this case, county] with respect to the form and timeliness of grievances. *Pozo v. McCaughtry,* 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v.*

*Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). Inmates at the Cook County Jail receive a handbook describing basic programs and procedures. *See* John Howard Association's Court Monitoring Report, filed on May 12, 2000, in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill.) (reflecting that the Cook County Jail has an established and publicized grievance procedure).

In the case at bar, there is no dispute as to whether the plaintiff exhausted administrative remedies. To the contrary, in response to the defendants' motion for summary judgment, the plaintiff specifically "withdraws all allegations relating to deliberate indifference to detainees' safety and concedes all administrative remedies were not exhausted concerning grievances towards 'safety' matter." (Plaintiff's "Answer to Defendants' Motion for Summary Judgment," first paragraph of p. 6.) Because the plaintiff admittedly failed to exhaust the administrative grievance process with regard to his failure-to-protect claim, the court lacks discretion to resolve his claim on the merits. *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Furthermore, because it is now too late for the plaintiff to avail himself of grievance procedures, dismissal of that claim is with prejudice. *See, e.g., Pozo*, 286 F.3d at 1023-24; *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Hope v. Velasco*, No. 01 C 1574, 2004 WL 417198, *4 (N.D. Ill. Feb. 23, 2004) (Hibbler, J.).

The plaintiff's request to proceed, instead, on the medical claims regarding which he pursued grievance procedures is denied. The central issue in this case has always been whether the defendants acted with deliberate indifference to the plaintiff's safety by failing either to take adequate measures to prevent an assault or to take appropriate action once the assault occurred. Allowing the plaintiff to change the course of the litigation in this 2009 case at the summary judgment stage of these proceedings would unduly prejudice the defendants–if, indeed, the same

individuals who allegedly acted with deliberate indifference to the plaintiff's safety are even the same persons responsible for allegedly acting with deliberate indifference to his medical needs. "[T]here must be a point at which a plaintiff makes a commitment to the theory of his case." *Johnson v. Cypress Hill*, 641 F.3d 867, 873 (7th Cir. 2011), citing *Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993). A request to change claims on the eve of summary judgment is "exactly the sort of switcheroo" the U.S. Court of Appeals for the Seventh Circuit has counseled against. *Johnson*, 641 F3d. at 873, citing *Feldman v. American Memorial Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999).

The court recognizes that the amended complaint contains one sentence mentioning a two-hour delay in being taken to the hospital after he was attacked. However, even assuming that the delay rose to the level of a constitutional violation, none of the plaintiff's grievances concerned that delay. The passing reference to delayed medical care is too tangential to the basic issues presented in this case to justify conversion of this suit to an Eighth Amendment medical case. The plaintiff must initiate a new lawsuit if he wishes to challenge the quality of the medical care he received for the injuries sustained in the attack. The plaintiff should bear in mind that there is a two-year statute of limitations for Section 1983 actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is granted. The case is dismissed pursuant to 28 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust administrative remedies before bringing suit.

If the plaintiff wishes to appeal this final order, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment [#56] is granted. The plaintiff's claims are dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies prior to filing suit. The clerk is directed to enter judgment in favor of the defendants pursuant to Fed. R. Civ. P. 56. The case is terminated.

Enter: *John A. Nordberg*
JOHN A. NORDBERG
United States District Judge

Date: September 12, 2011